UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| EDDIE L. WILLIAMS,<br><br>                Plaintiff,<br><br>    v.<br><br>JOSEPH LEHMAN,<br><br>                Defendant. | Case No.  C04-5816RBL<br><br>REPORT AND RECOMMENDATION<br><br>Noted for August 26, 2005 |

      This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4.  This matter comes before the court on defendants' motion to dismiss (Dkt. #35), which has been converted into a motion for summary judgment (Dkt. #39).  Plaintiff has filed a response (Dkt. #40) to defendant's motion and a motion to certify a question to the state supreme court (Dkt. #41).  The motion to certify a question has been denied by separate order.

## FACTS

      Plaintiff was an inmate serving a sentence with the Washington State Department of Corrections ("DOC").  When plaintiff was released from the Department of Corrections he was detained for civil commitment as a sexually violent predator by the Washington State Department of Social and Health Services. Plaintiff had an earned early release date of January 26, 1999. Defendant's Motion to Dismiss First Amended

1  Complaint and Memorandum in Support Thereof ("Defendant's Motion to Dismiss"), Exhibit 1, Attachment A,
2  p. 1 (Dkt. #35-2).  He also was released from the custody of the DOC on January 26, 1999. Id.  This action was
3  not filed until December 1, 2004.
4      Defendant Lehman moves to dismiss the action on the following bases: (a) plaintiff has failed to state a
5  claim upon which relief may be granted[1]; (b) plaintiff's claims are barred by the application of the favorable
6  termination doctrine; and (c) plaintiff's claims are barred by the statute of limitations.  (Dkt. #35-1 and #43).
7  Plaintiff responds by arguing that equitable tolling should apply to this action and the question should be
8  certified to the state supreme court.  (Dkt. #40 and #41).

## DISCUSSION

### I. Standard of Review

Summary judgment shall be rendered if the pleadings, exhibits, and affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 56(c).  In deciding whether or not to grant summary judgment, the court must view the record in the light most favorable to the nonmoving party and must indulge all inferences favorable to that party. Fed. R. Civ. P. 56(c) and (e).

When a motion for summary judgment is made and supported as provided in Fed. R. Civ. P. 56, the adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in Fed. R. Civ. P. 56, must set forth specific facts showing there is a genuine issue for trial. Fed. R. Civ. P. 56(e).  If the nonmoving party does not so respond, summary judgment, if appropriate, shall be rendered against that party. Id.  The moving party has the burden of demonstrating the absence of a genuine issue of fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257.  Mere disagreement or the bald assertion that a genuine issue of material fact exists does not preclude summary judgment. California Architectural Building Products, Inc. v. Franciscan Ceramics, Inc., 818 F.2d 1466, 1468 (9th Cir. 1987).

### II. Failure to State a Claim

To state a claim under 42 U.S.C. § 1983, a complaint must allege (i) that the conduct complained

---

[1] Although this basis was raised in defendant's reply (Dkt. #43) to plaintiff's response to defendant's motion to dismiss, for the reasons set forth below, the undersigned deems it appropriate to address that basis here.

REPORT AND RECOMMENDATION
Page - 2

of was committed by a person acting under color of state law and (ii) that the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of the above elements are present. Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986).

The complaint, furthermore, must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981). A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory responsibility or position. Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694 n.58 (1978). In other words, a theory of *respondeat superior* is not sufficient to state a section 1983 claim. Padway v. Palches, 665 F.2d 965, 968 (9th Cir. 1982).

Plaintiff filed his original civil rights complaint with this court on December 1, 2004. (Dkt. #1). In that complaint, plaintiff alleged that he both was released from DOC custody on, and had an earned early release date of, February 14, 1999. Id., p. 2. Plaintiff filed his First Amended Complaint on January 11, 2005. (Dkt. #17). In his amended complaint, plaintiff deleted all references to his actual and alleged earned early release dates.

Defendant, however, has attached to his motion to dismiss a copy of plaintiff's "Legal Face Sheet." Defendant's Motion to Dismiss, Exhibit 1, Attachment A. That document shows defendant's actual and earned early release date were the same date, i.e. January 26, 1999. Id., p. 1. As such, it appears plaintiff was not held past his earned early release date as he has claimed in both his original and amended complaints. Thus, plaintiff cannot show that he has suffered the harm alleged in either complaint, let alone that such harm was caused by any of the named defendants.

III.  Statute of limitations.

The Civil Rights Act, 42 U.S.C. § 1983, contains no statue of limitations and the federal courts use the applicable statute of limitations from the state in which they sit. In Washington the statute of limitations for filing a civil rights action is three years. Rose v. Rinaldi, 654 F.2d 546 (1981).

As discussed above, both plaintiff's actual and earned early release date was January 26, 1999. (Dkt. # 35-2). While plaintiff was being held, he could not have filed a civil rights action as he would have been

REPORT AND RECOMMENDATION
Page - 3

challenging the fact or duration of his confinement and his remedy would have been in habeas. <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994). Once he was released from the custody of the DOC, he no longer had standing to file a *habeas corpus* action challenging that sentence as he was not in custody on that conviction.

Under 28 U.S.C. § 2254, the court may entertain an application for a writ of *habeas corpus* only from a person in custody pursuant to the judgment of a state court. The custody requirement of the *habeas corpus* statute is designed to preserve the writ as a remedy for severe restraints on individual liberty. <u>Hensley v. Municipal Court, San Jose Milpitas Judicial District</u>, 411 U.S. 345, 351 (1973). The person must be in custody pursuant to the conviction or sentence under attack at the time the petition is filed. <u>Maleng v. Cook</u>, 490 U.S. 488, 490-91 (1989); <u>Carafas v. LaVallee</u>, 391 U.S. 234, 238 (1968).

For purposes of this motion the court is assuming that the statute of limitations for the plaintiff's civil rights claim commenced on January 26, 1999. The three year statute of limitations gave plaintiff until January 26, 2002, to file his action. This action was filed nearly three years past the running of the statute. Defendant is entitled to dismissal unless the statute is tolled.

When a federal court adopts a state statute of limitations, the relevant state tolling statutes are also applicable. <u>Bianchi v. Bellingham</u>, 909 F. 2d. 1316 (9th Cir. 1990). While portions of Washington's tolling provisions do not include civil detainees and specifically reference criminal detainees, plaintiff urges the court to apply the doctrine of equitable tolling to include him, and asks the court to certify to the state supreme court the question of whether the state's tolling statute extends to civil detainees. (Dkt. #40 and #41). The motion for certification has been denied by separate order.

In Washington, the doctrine of equitable tolling allows a court to extend a statute of limitation that has "nominally elapsed" when justice so requires. <u>State v. Robinson</u>, 104 Wash App. 657, 659 (2001). The state court of appeals in <u>Robinson</u> explains that in Washington appropriate circumstances for application of the doctrine generally include bad faith, deception, or false assurances by the defendant, and the exercise of diligence by the plaintiff. <u>State v. Robinson</u>, 104 Wash App. 657, 659 (2001). None of those factors are present in this case. Further, the court does not believe a delay of nearly three years to be nominal.

Plaintiff argues Washington law does not require the granting of equitable tolling to be conditioned on factors such as bad faith, deception, false assurances, or diligence because the remedy is equitable in nature. (Dkt. #40-1). The very cases cited by plaintiff each acknowledge the standard for application of the doctrine to

include bad faith, deception, or false assurances by the defendant, and the exercise of diligence by the plaintiff. State v. Robinson, 104 Wash App. 657, 659 (2001); State v. Duvall, 86 Wn App. 871, 875 (1997): In Re Hosington, 99 Wash. App. 423, 431 (2000).

Plaintiff in this action allowed the three year statute to run while he took no action. He then waited nearly three more years before filing. There is no argument showing any action by the state hindered or prevented plaintiff from filing in a timely manner. Equitable tolling should not be available under these circumstances and defendant is entitled to dismissal of the action.

CONCLUSION

Plaintiff has failed to state a claim upon which relief may be granted. In addition, this action is time barred and the doctrine of equitable tolling is not available on the facts presented here. Accordingly, the undersigned recommend's the court grant defendant's converted motion for summary judgment.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 72(b), the parties shall have ten (10) days from service of this Report and Recommendation to file written objections thereto. See also Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set this matter for consideration on **August 26, 2005**, as noted in the caption.

DATED this 2nd day of August, 2005.

Karen L. Strombom
United States Magistrate Judge